BERTHA L. MCMANUS *v.* STATE COMPENSATION COMMISSIONER
*et al.*

(No. 7596)

Submitted April 11, 1933.    Decided April 18, 1933.

*Salisbury & Lopinsky,* for appellant.

*Homer A. Holt,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondent.

HATCHER, JUDGE:

W. H. McManus died as the result of an injury received in the course of his employment by Anchor Coal Company. Compensation was denied his nominal wife, his two children by her and a step-child, on the ground that his marriage was void.

The undisputed facts are that W. H. McManus and Bertha L. Turnbull went through a regular form of marriage in the

State of Ohio on September 29, 1923. That was just three days after she had obtained an absolute divorce from her former husband, William Turnbull, in Kanawha County, West Virginia. The divorce decree contained the statutory inhibition against re-marriage for a period of six months. Two children, Milton and William, now aged nine and seven, respectively, were born of the second union. Ida May, a child of the former marriage, aged thirteen, lived with them.

Under Code 1931, 48-2-22, and *Hall* v. *Baylous*, 109 W. Va. 1, 153 S. E. 293, the marriage herein was void *ab initio* and the ruling of the commissioner as to Mrs. McManus is sustained. Code 1931, 42-1-7, however, provides: ''The issue of marriages deemed null in law * * * shall nevertheless be legitimate.'' Therefore Milton and William are the legitimate children of the deceased and are entitled to compensation, and the ruling of the commissioner as to them is erroneous. Proof should be taken as to whether Ida May was *wholly dependent* upon the deceased. If so, she also is entitled to compensation.

The ruling of the commissioner is affirmed in part and reversed in part and the case remanded.

*Reversed in part; affirmed in part; remanded.*

MAXWELL, PRESIDENT, dissenting in part.

I do not subscribe to the doctrine of *Hall* v. *Baylous*, 109 W. Va. 1, 153 S. E. 293, nor to its application herein.