Floyd E. Shaw *et al. v.* Sovereign Camp of Woodmen of the World

(CC 530)

Submitted September 24, 1935. Decided October 15, 1935.

482

*E. B. Pennybacker*, for plaintiffs.
*Ambler, McClure & Ambler*, for defendant.

LITZ, PRESIDENT:

This is an action by notice of motion for judgment on a certificate of life insurance for $1,000.00 issued by defendant, Sovereign Camp of Woodmen of the World, to Arthur A. Shaw, a member of the association, and brother of plaintiffs, Floyd E. Shaw and Charles W. Shaw. The certificate was issued originally February 15, 1908, designating Anna M. Shaw, wife of the insured, beneficiary. She having died in February, 1933, the insured entered into a second marriage April 25, 1933, with one Ida Mae McAtee, who had theretofore, on March 7, 1933, obtained a divorce from James M. McAtee, a former husband, in the circuit court of Wood County, West Virginia. The decree of divorce prohibited the remarriage of each of the parties, except to each other, for six months, in accordance with Code 1931, 48-2-22. A new certificate, payable to Ida Mae Shaw, as wife of insured, was issued, in lieu of the original, May 24, 1933. The insured was murdered by the beneficiary, Ida Mae Shaw, June 20, 1933. The constitution and by-laws of the association provide that the certificate of insurance shall be forfeited if the death of the insured be caused by the intentional act of the ''beneficiary or beneficiaries or any of them,'' and that if all of the beneficiaries designated in the certificate shall die before

the insured, and no new designation is made, the benefits, under the certificate shall be paid to the distributees of the estate. The defendant filed two special pleas, denying liability, based upon the provision of the constitution and by-laws of the association forfeiting the certificate of insurance for death of the insured by the beneficiary. In special replications to the pleas, plaintiffs contend that the forfeiture provision is not applicable because Ida Mae Shaw, designated as beneficiary in the certificate, was not the lawful wife of the assured. The trial court sustained demurrers to the special replications and certified the ruling to this Court for review under Code 1931, 58-5-2.

This Court held, by divided opinion, in *Hall* v. *Baylous*, 109 W. Va. 1, 153 S. E. 293, 69 A. L. R. 527, and *McManus* v. *State Compensation Commissioner*, 113 W. Va. 566, 169 S. E. 172, that a marriage entered into by a divorced person in violation of the statute is void without judicial decree. Whether Ida Mae Shaw was an eligible beneficiary either as the wife or a dependent of the assured, we are, nevertheless, of opinion that the certificate of insurance has been forfeited by her unlawful act resulting in his death.

As was stated in *Gerling* v. *Agricultural Insurance Co.*, 39 W. Va. 689, 20 S. E. 691, 695, ''The courts'' must give the contract (of insurance) a ''fair, and rational construction, in view of the nature of the act done, the character of the contract made, *and the mischief intended to be* guarded against * * *.'' In *Greer* v. *Tribe Ben Hur*, 195 Mo. App. 336, 190 S. W. 72, where the death of the insured resulted from the wrongful act of the designated beneficiary who died before the insured, the court said: ''There can be no doubt * * * that, when a policy contains a provision designed to remove a temptation to the beneficiary to prematurely end the insured's life, it means the beneficiary who is, on the face of the policy, named or made such directly, or indirectly, * * * and is not limited to such persons who survive the insured.'' In view of the natural temptation to the designated beneficiary to prematurely end the insured's life, we see no justification in limiting the plain provision of the policy to cases in which the death of the insured has resulted from the

wrongful act of a strictly legal or eligible beneficiary or beneficiaries.

The ruling of the circuit court is, therefore, affirmed.

*Affirmed.*