ELLA COLE *v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 8870)

Submitted February 21, 1939. Decided March 7, 1939.

112

*Ned H. Ragland,* for appellant.

*Clarence W. Meadows,* Attorney General, *Marlyn Lugar,* Special Assistant Attorney General, and *McGinnis & Mann,* for appellees.

RILEY, JUDGE:

Ella Cole, claiming as the widow of John Cole, seeks the reversal of an order of the Workmen's Compensation Appeal Board affirming the action of the Compensation Commissioner which rejected her application for compensation.

John Cole died on September 29, 1937, as a result of injuries received by him in the course of and resulting from his employment by the Crab Orchard Improvement Company. Claimant applied for compensation as decedent's surviving dependent widow. The claim was refused by the Commissioner on the ground that claimant was "not legally married to the deceased, and therefore not his lawful widow at the time of the injury causing death."

After a statutory hearing, the Commissioner, by order entered July 21, 1938, again denied compensation. On Appeal, the ruling of the Commissioner was affirmed by the Appeal Board.

On February 26, 1923, claimant was granted a divorce from her first husband, William Ryan, by the Circuit Court of Raleigh County. The decree contained a recital of the statutory prohibition against remarriage within a period of six months from its date. (Acts, West Virginia Legislature, 1915, chapter 73, section 14). Notwithstanding the statutory and decretal inhibition, she married the decedent, John Cole, on May 30, 1923. Without interruption, she lived with him from that time until his death, during which time they had four children, whose claim for compensation is not involved on this appeal.

Claimant relies upon two assignments of error: (1) that her marriage to Cole, in the absence of a contrariwise judicial determination, was valid notwithstanding the statutory inhibition recited in the divorce decree; and (2) because of defects in the order of publication and the bill of complaint, the divorce decree was invalid, and, therefore, she is entitled to compensation on the basis of *Sledd* v. *State Compensation Commissioner,* 111 W. Va. 509, 163 S. E. 12, 80 A. L. R. 1424. The syllabus of the *Sledd* case reads: "The widow of an employee who was killed in the course of and resulting from his employment may not be denied compensation under the Workmen's Compensation Act of West Virginia on the ground that she had another husband living, undivorced, at the time of her marriage with such deceased employee, in the absence of judicial determination that her marriage with the deceased employee was bigamous."

Under the first assignment of error, Mrs. Cole seeks to have this Court depart from its decisions in the cases of *Hall et al.* v. *Baylous,* 109 W. Va. 1, 153 S. E. 293, 69 A. L. R. 527, and *McManus* v. *State Compensation Commissioner et al.,* 113 W. Va. 566, 169 S. E. 172. In both these cases, the word "void", contained in Acts, West Virginia Legislature, 1915, chapter 73, section 14, was given its

literal meaning, and marriages contracted in this State within the prescribed time were held mere nullities. In the *McManus* case, this Court in refusing compensation to a claimant asserting her right on the basis that she was a surviving dependent widow, applied the doctrine of *Hall* v. *Baylous, supra*. At this time, we see no sufficient reason prompting a departure from our former holdings. This position is sustained by the clear weight of American authority. See generally, Note to *Hall* v. *Baylous, supra,* 69 A. L. R. 537 to 544. Also, *Woodward* v. *Blake,* 38 N. D. 38, 164 N. W. 156, L. R. A. 1918A, 88, Ann. Cas. 1918E, 552, and note, pp. 557 to 560; *Eaton* v. *Eaton,* 66 Neb. 676, 92 N. W. 995, 60 L. R. A. 605, 1 Am. & Eng. Ann. Cas., 199, and note, pp. 202, 203. Moreover, the action of the legislature reducing the statutory period from six months to sixty days and the time within which the trial court can prohibit the guilty party from remarrying from five years to one year, without qualifying in the least the word "void", contained in the statute, after that word had been defined in *Hall* v. *Baylous, supra,* and *McManus* v. *State Compensation Commissioner et al., supra,* is a legislative interpretation clearly evincing intent to render null and of no effect all marriages attempted to be contracted within the prescribed time. With deference, we feel constrained not to accept the distinction suggested by Judge Maxwell in his able dissent to the opinion in *Hall* v. *Baylous, supra.* Here, claimant, having subjected herself to the jurisdiction of the Circuit Court of Raleigh County in her divorce suit, voluntarily has acquired a judicial status which, in our opinion, ties her more solemnly and effectively than she would be had she never been divorced and had entered into a bigamous marriage as claimant did in *Sledd* v. *State Compensation Commissioner, supra.*

The attack on the jurisdiction of a circuit court in the entry of the decree in claimant's divorce case, based upon claimed jurisdictional defects in the order of publication and the bill of complaint, is without substantial foundation. The divorce decree was rendered by a court of

general jurisdiction and cannot be disturbed, either directly or collaterally, by an administrative body. Both the State Compensation Commissioner and the Appeal Board are simply administrative bodies clothed with quasi judicial powers. *Proffitt* v. *State Compensation Commissioner,* 108 W. Va. 438, 151 S. E. 307; *Higgins* v. *Williams-Pocahontas Coal Co. et al.,* 103 W. Va. 504, 138 S. E. 112; *Sledd* v. *Compensation Commissioner, supra,* at page 512. In the last mentioned case, decided prior to the creation of the Appeal Board, this Court held that the Compensation Commissioner did not have the judicial power to declare null and bigamous marriage. *A fortiori,* neither the Commissioner nor the Appeal Board in the instant case is clothed with power to entertain an attack on the decree of the Circuit Court of Raleigh County, a court of general jurisdiction, whether the decree is void or merely voidable.

For the foregoing reasons, we are of the opinion to affirm the ruling of the Appeal Board.

*Affirmed.*

MAXWELL, JUDGE, dissenting:

For the reasons stated in dissenting opinion in *Hall* v. *Baylous,* 109 W. Va. 1, 153 S. E. 293, 69 A. L. R. 527, I respectfully dissent from syllabus one and so much of the opinion as maintains that position.