STATE *ex rel.* WILSON ZIRK

*v.*

H. G. MUNTZING, JUDGE OF THE CIRCUIT COURT
OF HARDY COUNTY

(No. 12099)

Submitted April 12, 1961.     Decided June 6, 1961.

*Ralph J. Bean, John W. Hamilton, Bean & Hamilton,* for relator.

*C. Donald Robertson,* Attorney General, *Andrew J. Goodwin,* Assistant Attorney General, *Lewis S. Moo-*

*mau*, Prosecuting Attorney, Hardy County, Moorefield, for respondent.

CALHOUN, JUDGE:

This case requires a determination whether a person jointly indicted with one or more other persons for a felony has an absolute right to elect to be tried separately.

On February 21, 1961, a grand jury of the Circuit Court of Hardy County returned a joint indictment for a felony against Wilson Zirk, the relator herein, and four other persons. While we are not called upon the construe the indictment and do not undertake to do so, the trial court, in response to demurrers and motions to quash, and by an order entered February 25, 1961, held that ''all defendants are properly charged with the offense of conspiring to commit murder.''

Each of the five jointly-indicted persons moved for a severance or separate trial. The verified written motion of the relator for a severance or separate trial alleges various grounds in support thereof. By an order entered on February 28, 1961, the trial court overruled the motions made severally by the five accused persons, directed that the case ''be tried jointly before one petit jury'', and that the trial commence on March 27, 1961, to which rulings and action of the court each defendant objected and excepted.

On March 10, 1961, the relator presented to this Court his petition praying for a writ of prohibition to be directed against the respondent, the Honorable H. G. Muntzing, judge of the Circuit Court of Hardy County, prohibiting him from causing the relator to be tried jointly with the other persons accused by the indictment. On March 14, 1961, this Court directed that a rule issue to show cause in accordance with the prayer of the petition.

At common law, and in the absence of a statute changing the common law rule, when two or more persons are indicted for a crime, whether a felony

or a misdemeanor, it is not necessary that they be tried jointly; but the state or any one of the defendants may apply to the court for a severance, the granting of which is not a matter of right, but rests in the sound discretion of the court, to be exercised solely in the interest of justice. Annotations, 54 A.L.R. 2d 830, 131 A.L.R. 917, 104 A.L.R. 1519, and 70 A.L.R. 1171; 53 Am. Jur., Trial, Sections 56 and 57, page 65; 23 C.J.S., Criminal Law, Section 933, page 217. In *The United States v. Marchant and Colson,* 25 U.S. 480, 6 L. ed. 700, Mr. Justice Story carefully reviewed the authorities relating to the right to a severance and concluded as follows: "Such is the substance of the reasons which induce us to decide against the claim as a matter of right. In our opinion, it is a matter of sound discretion, to be exercised by the court with all due regard and tenderness to prisoners, according to the known humanity of our criminal jurisprudence." Apparently the general rule applies with full force in relation to joint indictments charging conspiracies. 23 C.J.S., Criminal Law, Section 933, pages 222-223. Since at common law the matter rests in the sound discretion of the trial court, it becomes necessary to inquire whether such common law rule has been changed by statute in this state. The common law continues in force in this state except as altered by statute. Constitution of West Virginia, Article VIII, Section 21; Code, 1931, 2-1-1.

In the case of *State v. Roberts,* 50 W. Va. 422, 40 S. E. 484, the first point of the syllabus is as follows: "Upon a joint indictment for felony against several persons any defendant may elect, under section 8, chapter 159, Code, to be tried separately but is not entitled to demand to be tried jointly." In the body of the opinion the Court stated: "It is insisted that the court erred in compelling the prisoner to be tried separately when he demanded to be tried jointly with James Roberts, one of the parties with whom he was jointly indicted, the defendants Edmond Murphy and Thomas Hardin having been tried prior thereto, and

cites in support of his proposition, section 8, chapter 159, Code, which provides, 'If persons jointly indicted elect to be, or are tried separately, the panel in the case of each, shall be made up as provided in the third section of this chapter.' *This provision entitles the defendant to elect to be tried separately if he so chooses, but not to demand to be tried jointly."* (Italics supplied.)

In the case of *State v. Prater,* 52 W. Va. 132, 43 S. E. 230, the fifth point of the syllabus is as follows: "On a joint indictment of two or more persons, the State, *with the permission of the court,* may elect to try any or all of them separately." (Italics supplied.) In the body of the opinion the Court stated: "The accused and Lum Prater elected to be tried separately, and when the accused was brought to trial he attempted to withdraw his motion for a separate trial, but it was resisted by the State, and the State desiring to try them separately, the court refused leave to withdraw, and this is made the ground of an unavailing exception. In *Curran's Case,* 7 Grat. 619, it is held that on a joint indictment against several, the State may elect to try them separately, and this has been approved in *State v. Roberts,* 50 W. Va. 422. *Under our statute, each defendant has a right to a separate trial if he so elect.* If no election is made either by the State or any of the defendants the trial is joint, but the defendant cannot insist upon a joint trial against the election of the State to try them separately, unless the court, *in its discretion,* refuses to permit the State to try separately." (Italics supplied.)

The effect of the language of the Court in the cases of *State v. Roberts, supra,* and *State v. Prater, supra,* appears to be to recognize that, at common law, either the state or a jointly-indicted defendant had the right to request a severance in a criminal case, the granting of which was left to the sound discretion of the trial court; but it was stated by the Court in both cases that the common law rule has been changed by statute in this state to the extent of according an absolute right

to a severance to one jointly indicted with one or more others for a felony. In other words, the effect of the language of the Court in the two cases referred to immediately above appears to be that the statute has changed the common law so as to accord to the accused in a felony case an absolute right to elect to be tried separately; but that, in all other respects, the statute leaves the common law unchanged. Accordingly, in the case of *State v. Barrick,* 60 W. Va. 576, 579, 55 S. E. 652, 653, the Court stated: "The state can choose to try defendants jointly indicted, either jointly or separately, *if the court allows it.*" (Italics supplied.)

Code, 1931, 2-2-10(z), provides: "The sectional headings or headlines of the several sections of this Code printed in black faced type are intended as mere catchwords to indicate the contents of the section and shall not be deemed or taken to be titles of such sections, or as any part of the statute, * * *." The statute relating to the trial of persons jointly indicted for a felony has remained unchanged since the decision by this Court in the case of *State v. Roberts, supra,* in the year 1901. The heading or headlines of that statute, which now appears as Code, 1931, 62-3-8, are as follows: "Jury Where Defendants Tried Jointly; Striking Jurors; Separate Trial." The statute itself is as follows: "Persons indicted and tried jointly, for a felony, shall be allowed to strike from the panel of jurors not more than six thereof, and only such as they all agree upon shall be stricken therefrom; and if they can not agree upon the names to be so stricken off, the prosecuting attorney shall strike therefrom a sufficient number of names to reduce the panel to twelve. *If persons jointly indicted elect to be, or are, tried separately, the panel in the case of each shall be made up as provided in the third section of this article.*" (Italics supplied.) The "third section" has reference to Code, 1931, 62-3-3, as amended, which, so far as pertinent, is as follows: "In a case of felony, twenty jurors shall be drawn from those in attendance for the trial of the accused. If a suffi-

cient number of jurors for such panel cannot be procured in this way, the court shall order others to be forthwith summoned and selected, until a panel of twenty jurors, free from exception, be completed, from which panel the accused may strike off six jurors and the prosecuting attorney may strike off two jurors. The prosecuting attorney shall first strike off two jurors, and then the accused six. If the accused failed to strike from such panel the number of jurors this section allows him to strike, the number not stricken off by him shall be stricken off by the prosecuting attorney, so as to reduce the panel to twelve, who shall compose the jury for the trial of the case.''

In the brief filed herein by the attorney general, it is urged that the statute in question deals primarily with the selection of petit juries in cases of persons indicted jointly for felonies; that the statute was not intended to change the common law relating to severance in such cases; and that the statute does not in effect do so. In behalf of the realtor, on the other hand, it is insisted that the absolute right of one jointly indicted for a felony to a severance is the clear and necessary consequence of the following portion of the statute: ''If persons jointly indicted elect to be, or are, tried separately, the panel in the case of each shall be made up as provided in the third section of this article.'' In other words, it is insisted in behalf of the relator that the necessary meaning or effect of such statutory language is that if one jointly indicted for a felony elects to be tried separately, he shall be entitled to a separate trial, including a full panel of twenty jurors, and the exclusive right to strike six therefrom ''as provided in the third section of this article.''

The attorney general insists further, in accordance with the reasoning of the trial court, that the case of *State v. Roberts, supra,* involved a demand of the defendant to be tried jointly, rather than separately; that the case of *State v. Prater, supra,* involved merely a demand of the defendant that he be permitted ''to

withdraw his motion for a separate trial", which had been granted previously; that neither case directly involved the precise question of the right of an accused person jointly indicted with one or more other persons for a felony to elect to be tried separately; and, therefore, that neither of such cases is a binding precedent for the question herein presented. It is true, nevertheless, that in the *Roberts* case, the Court was called upon to construe the statutory language in question and that the Court did so at the instance of the accused. This called for a judicial declaration of the rule relating to severance in felony cases in the light of the common law rule and of the statute. The holding of the Court, dignified to the extent of inclusion in the first point of the syllabus, answered the question posed by the defendant by stating that "any defendant may elect, under section 8, chapter 159, Code, to be tried separately but is not entitled to demand to be tried jointly." The *Roberts* case was cited with approval in the *Prater* case, which likewise involved a declaration of legal principles relating to separate trials of persons jointly indicted for a felony.

A review of the legislative history of the statute in question may tend to reflect legislative intent. Sections 14 and 15 of Chapter 208 of the Virginia Code of 1860, contained provisions relative to election to be tried jointly, as well as election to be tried separately, as follows: "14. Persons indicted of felony, who elect to be tried jointly, shall be allowed to strike from the panel not more than eight thereof, and only such as all of them agree to strike from it. 15. If persons, indicted jointly for felony, elect to be tried separately, the venire, summoned for their trial, may be used for him who is first tried, and the court shall award a several venire facias for the trial of each of the others." By Section 8 of Article XI of the Constitution of 1863, it was provided that such parts of the common law and of the laws of the State of Virginia as were in force within the boundaries of the State of West Virginia when the Constitution became effective, and

356

were not repugnant thereto, were declared to be the law of this state until altered or repealed by the legislature. By an act of the legislature, the revised Code of 1868 was adopted. See *Grant v. Baltimore & Ohio Railroad Co.,* 66 W. Va. 175, 183-184, 66 S. E. 709, 713. Section 8 of Chapter 159 of the Code of 1868, retained the provisions concerning election to be tried jointly, as well as election to be tried separately, as follows: "Persons indicted of felony who elect to be tried jointly shall be allowed to strike from the panel not more than eight thereof, and only such as all of them agree to strike from it. If they elect to be tried separately, the panel in the case of each shall be made up as provided in the third section." The "third section" provided for a full panel of twenty jurors and a separate trial in language quite similar to Code, 1931, 62-3-3, as amended, and as heretofore quoted herein. By Acts of the Legislature, 1882, Chapter 122, Section 8, the statute in question was amended and reenacted in such a manner as to eliminate any reference to election to be tried jointly, but so as to retain a reference to election to be tried separately by use of the following sentence in language identical to that of the present statute: "If persons jointly indicted elect to be, or are tried, separately, the panel in the case of each shall be made up as provided in the third section of this chapter." The same language was retained when the statute was reenacted by Section 8, Chapter 6, Acts of the Legislature, 1887, Extra Session. In other words, the amendment of 1882 eliminated the words, "Persons indicted of felony who elect to be tried jointly", and substituted in lieu thereof the words, "Persons indicted and tried jointly for felony". We must presume that the legislature acted deliberately and with a purpose in eliminating provisions dealing with election to be tried jointly, while retaining provisions dealing with election to be tried separately. *In Re: Memorial Gardens, Inc.,* 146 W. Va. 337, 119 S. E. 2d 753; *State v. General Daniel Morgan Post,* 144 W. Va. 137, 107 S. E. 2d 353, 358; *Hall v. Baylous,* 109 W. Va. 1, pt. 2 syl., 153 S. E. 293, 69 A.L.R. 527.

It is the belief of the members of this Court that the principles enunciated in the first point of the syllabus of the case of *State v. Roberts, supra,* have been accepted by bench and bar as the law of this state during the period of approximately sixty years which has intervened since that case was decided. In the case of *State v. Male,* 103 W. Va. 473, 474, 137 S. E. 887, 888, the Court stated: "Defendant elected to be tried separately." This casual statement, without elaboration, seems to imply an acceptance of the proposition that the defendant had the right to elect to be tried separately.

In the case of *State v. Davis,* 62 W. Va. 500, 510, 60 S. E. 584, 588, the Court, in construing another statute, stated: "In the whole history of the state, this is the first case ever brought to this court involving the question. The general public, prosecuting attorneys, and judges of trial courts have all regarded these transactions as valid under the statute, and allowed them to go on unmolested. Session after session of the legislature has been held in the meantime, and by its failure to interfere by the passage of any statute, declaring the law to be otherwise, that body has recognized this construction as embodying the true intent and meaning of the statute. This applies the strong and wholesome rule of contemporaneous construction, so generally and often resorted to by the courts in seeking legislative intent." See *Ballard v. Vest,* 136 W. Va. 80, pt. 4 syl., 65 S. E. 2d 649. A similar statement is found in the case of *Elite Laundry Co. v. Dunn,* 126 W. Va. 858, 862, 30 S. E. 2d 454, 457, as follows: "Further, we cannot be oblivious to the fact that this Code provision has been in existence since January 1, 1931, during which time a large number of cases have come to this Court through circuit courts from courts of limited jurisdiction, from the records in which we can see that by general agreement of the bench and bar during the last thirteen years, the limitation of four months has been accepted without challenge." "When words in a statute have

acquired, through judicial interpretation, a well-understood legislative meaning, it is to be presumed that they were used in that sense in a subsequent statute on the same subject, unless the contrary appears." *Daniel v. Simms,* 49 W. Va. 554, pt. 9 syl., 39 S. E. 690. "It is presumed that the Legislature in re-enacting a statute that has been judicially construed, substantially in its original terms, intended it to have effect thereafter as so construed by the courts." *Pennington v. Gillaspie,* 63 W. Va. 541, pt. 1 syl., 61 S. E. 416. "The Legislature is presumed to know the rules and principles of construction adopted by the courts." *Twentieth Street Bank v. Jacobs,* 74 W. Va. 525, pt. 4 syl., 82 S. E. 320. "When a statute has been construed by this court, and it is thereafter re-enacted by the Legislature in the same or substantially the same terms, there is a presumption that the Legislature was familiar with the construction put upon it, and had that in mind when the statute was re-enacted." *Parsons v. County Court of Roane County,* 92 W. Va. 490, pt. 4 syl., 115 S. E. 473. "The construction of a statute by a court of last resort becomes a component part of the statute." *Scott v. Rinehart & Dennis Co., Inc.,* 116 W. Va. 319, pt. 2 syl., 180 S. E. 276. "That construction which for a long period of time has been accepted by bench and bar as the true construction of a statute, becomes a canon of construction, unless some paramount reason is advanced for a change of the conclusion." *St. Joseph's Soc. v. Virginia Trust Co.,* 175 Va. 503, 511, 9 S. E. 2d 304, 308. See also *Miller v. Commonwealth,* 180 Va. 36, 21 S. E. 2d 721. "In this respect, it has been declared that where a judicial construction has been placed upon the language of a statute for a long period of time, so that there has been abundant opportunity for the lawmaking power to give further expression to its will, the failure to do so amounts to legislative approval and ratification of the construction placed upon the statute by the courts, and that such construction should generally be adhered to, leaving it to the legislature to amend the law should a change be deemed neces-

sary.'' 50 Am. Jur., Statutes, Section 326, page 319.
See also *Brown v. Randolph County Court,* 45 W. Va.
827, 32 S. E. 165; *Cole v. State Compensation Com-
missioner,* 121 W. Va. 111, 114, 1 S. E. 2d 877, 878;
59 C. J., Statutes, Section 613, page 1036 and Section
645, page 1095; 82 C.J.S., Statutes, Section 384, page
900.

The statutory language in question has remained
unchanged since long prior to the date of the decision
of the case of *State v. Roberts* in 1901. We must pre-
sume that the legislature has ever since been cognizant
of the construction placed on the pertinent statute by
this Court in that case. The statute has not been
amended meantime. It was, however, reenacted as a
part of the revised code which became effective on
January 1, 1931. We need not undertake to state how
the Court would construe the statutory language in
question were it now presented for construction for
the first time in the present case. We recognize that
separate trials for the several defendants may seri-
ously handicap the state in its efforts to convict and
bring to justice the person or persons who may be
guilty of the offense charged in the indictment. It may
well be that it should be left to the sound discretion
of the trial court to determine whether basic rights of
the defendants would be sacrificed or whether they
would be prejudiced by a joint trial. We are convinced,
however, that it is for the legislature rather than this
Court to alter the statute if a change thereof is deemed
desirable.

''The writ of prohibition lies as a matter of right
when the inferior court does not have jurisdiction of
the subject matter in controversy or, having such jur-
isdiction, exceeds its legitimate powers.'' *State, etc.
v. Bosworth, et al.,* 145 W. Va. 753, pt. 5 syl., 117 S. E.
2d 610; *State, etc. v. Pennybacker,* 144, W. Va. 612,
110 S. E. 2d 265; *State, etc. v. Knapp,* 143 W. Va. 896,
105 S. E. 2d 569; *W. Va. Secondary School Activities
Commission v. Wagner,* 143 W. Va. 508, 102 S. E. 2d
901; Code, 1931, 53-1-1. The law does not require of

the relator, in the circumstances of this case, that he await the final outcome of a trial before obtaining relief. *State ex rel. Cosner v. See, Judge,* 129 W. Va. 722, pt. 5 syl., 42 S. E. 2d 31; *Thacker v. Ferguson, Judge,* 127 W. Va. 177, Pt. 3 syl., 32 S. E. 2d 47; *Lake O'Woods Club v. Wilhelm, Judge,* 126 W. Va. 447, 28 S. E. 2d 915; *White Sulphur Springs, Inc. v. Jarrett, Judge,* 124 W. Va. 486, pt. 2 syl., 20 S. E. 2d 794; *Wolfe v. Shaw, Judge,* 113 W. Va. 735, 169 S. E. 325; *Noll v. Dailey, Judge,* 72 W. Va. 520, 79 S. E. 668.

For the reasons stated herein a writ is awarded to prohibit the respondent from requiring the relator to submit to a trial jointly with the other accused persons named in the indictment.

*Writ awarded.*