Rodney Harold STARKEY, Petitioner,

v.

Bobby J. LEVERETTE, Superintendent West Virginia State Penitentiary, Respondent.

Civ. A. No. 78–178–E.

United States District Court, N. D. West Virginia, Elkins Division.

Dec. 13, 1978.

Rodney Harold Starkey, pro se.

Chauncey H. Browning, Jr., Atty. Gen., of W. Va., Charleston, W. Va., for respondent.

## OPINION

MAXWELL, Chief Judge.

▮ Petitioner in the above styled civil action, who seeks federal habeas corpus relief, is presently incarcerated in the West Virginia State Penitentiary at Moundsville, West Virginia. He is serving a thirty year sentence imposed upon him by the Circuit Court of Wood County, West Virginia, following a jury finding of his guilt on a charge of armed robbery. Petitioner here raises four grounds in attacking his conviction, three of which have been previously presented to the West Virginia Supreme Court of Appeals. The fourth ground, contained in the petition as Ground Three of Paragraph 12, concerns an allegedly illegal single-photo identification. This contention has not been presented to a state court for consideration as revealed by the materials submitted as a part of Respondent's answer. Because Petitioner has not exhausted his state remedies in regard to this matter and the Respondent has not waived the exhaustion requirement of 28 U.S.C. § 2254, *Jenkins v. Fitzberger*, 440 F.2d 1188 (4th Cir. 1971), this ground of relief must be dismissed. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). The remaining three grounds, exhaustion having been shown, will be considered. *Hewett v. North Carolina*, 415 F.2d 1316 (4th Cir. 1969).

▮ Petitioner's first contention is that the state court erred in severing his trial from that of a co-indictee without a motion being made either by Petitioner or the state in violation of W.Va. Code § 62–3–8 (1977). It is apparently the common law rule that a jointly indicted defendant may be tried separately from the co-defendants in the discretion of the Court upon either the motion of one or both of the parties or upon motion and order of the trial court itself without a motion to this effect being made by either defendants or by the state. See 75 Am. Jur.2d *Trials* § 19 (1974). It is recognized in West Virginia that this common law rule has been changed by W.Va. Code § 62–3–8. In *State v. Muntzing*, 146 W.Va. 349, 120 S.E.2d 260 (1961), quoting *State v. Roberts*,

50 W.Va. 422, 40 S.E. 484 (1901), the West Virginia Supreme Court of Appeals stated "Upon a joint indictment for felony against several persons, any defendant may elect . . . to be tried separately, but is not entitled to demand to be tried jointly."

It is obvious that while the legislature has given the defendant the absolute right to a separate trial if he so desires, it has not affected the ability of the trial court itself to order severance. This is implicit in the recognition that the defendant may not demand a joint trial.

While the action of the trial court in ordering, without the motion of any of the parties, Petitioner's separate trial may be acceptable under state law, the question of its acceptability under constitutional standards is the matter which this Court must address. And this Court can conceive of no reason which would serve to bring this matter within any area of constitutional prohibition.

Petitioner's second ground of contention is that the trial court erred in giving of State's Instruction No. 1. This is a general instruction which reads as follows:

> The offense charged in the indictment in this case is Armed Robbery. One of two verdicts may be returned by you under the indictment. They are (1) guilty; (2) not guilty.

> Armed Robbery is committed when one person takes or attempts to take from the person or from the presence of another person any property or money or any other thing of value belonging to, or in the care, custody, control, management or possession of such other person by force and violence or by putting in fear. If two or more persons share a common intent and purpose to commit Armed Robbery and each performs some act in the commission of Armed Robbery, one doing one thing and the other something else and said offense is committed then each of such persons may be found guilty of Armed Robbery.

> The burden is on the State to prove the guilt of the Defendant beyond a reasona-

ble doubt and the Defendant, Rodney Harold Starkey, is not required to prove himself innocent. He is presumed by the law to be innocent of this charge and this presumption remains with him throughout the entire trial.

Before RODNEY HAROLD STARKEY can be convicted of Armed Robbery the State of West Virginia must overcome the presumption that he is innocent and prove to the satisfaction of the jury beyond a reasonable doubt that:

1. The Defendant, RODNEY HAROLD STARKEY, together with HARVEY CLAYTON GRIFFITH,

2. in Wood County, West Virginia

3. on or about the 24th day of July, 1975,

4. did take

5. from the person and presence of Francis J. Ellem

6. All of any portion of Three Thousand ($3,000.00) Dollars in good and lawful currency of the United States of America

7. belonging to and in the care, control, custody management and possession of

8. Francis J. Ellem

9. against the will of Francis J. Ellem

10. by putting Francis J. Ellem in bodily fear by presenting a gun and by threatening the said Francis J. Ellem

11. and that RODNEY HAROLD STARKEY shared a common intent and purpose with HARVEY CLAYTON GRIFFITH to commit Armed Robbery at said time and place

12. and RODNEY HAROLD STARKEY did perform some act in the commission of Armed Robbery at said time and place.

If after impartially considering, weighing and comparing all the evidence, both that of the State and that of the Defendant, the jury and each member of the jury is convinced beyond a reasonable doubt of the truth of the charge as to each of these elements of Armed Robbery, you may find RODNEY HAROLD STARKEY guilty as charged in the in-dictment. If the jury and each member of the jury has a reasonable doubt of the truth of the charge as to any one or more of these elements of Armed Robbery, you shall find RODNEY HAROLD STARKEY not guilty.

Petitioner's particular objection to this instruction is that there was no evidence submitted at trial to support its giving.

■ Before a federal court can overturn a conviction resulting from a state trial on the basis of an error in the giving of an instruction, it must be established not merely that the instruction is undesirable, erroneous, or even universally condemned, but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment. *Cupp v. Naughten*, 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973).

■ The Fourteenth Amendment right that Petitioner here apparently claims was violated is that being convicted on insufficient evidence was a denial of due process. The appropriate standard for the review of the sufficiency of the evidence is merely whether the conviction rests upon any evidence at all; the probative strength of the evidence is not in issue. *Williams v. Peyton*, 414 F.2d 776 (4th Cir. 1969); *Holloway v. Cox*, 437 F.2d 412 (4th Cir. 1971).

■ In reviewing the trial transcript to determine whether any evidence was presented which indicated that Petitioner had participated in the armed robbery, this Court finds that it need proceed no further than the testimony of the very first witness in the case. This witness, the robbery victim, identified Petitioner as one of the two men who robbed him and gave testimony concerning the incident.

Evidence supporting the conviction being contained in the trial transcript, this ground must also be dismissed.

■ Petitioner's third and final contention is that the trial court erred in not allowing police officers to testify about the descriptions given them by the robbery victims. This was excluded by the trial court as hearsay evidence. Petitioner's apparent

contention is that this action prevented him from properly presenting a defense because he could not then show the difference between his own appearance and the descriptions given by the robbery victims. However, since the victims were present and testified at trial, it is apparent that the exclusion of the police officer's testimony was not prejudicial to Petitioner and is not a deprivation of a constitutional right.

Consistent with the foregoing opinion, an order will follow dismissing this civil action.