342 S.E.2d 450

**STATE of West Virginia**

v.

**Bryan Andrew VanMETRE.**

**No. 16673.**

Supreme Court of Appeals
of West Virginia.

April 2, 1986.

Steven M. Askin, Askin, Pill, Scales & Burke, Martinsburg, for appellant.

Atty. Gen. Charlie Brown, Charleston, for appellee.

NEELY, Justice:

The appellant, Bryan Andrew VanMetre, was convicted of two counts of grand larceny by a jury in the Circuit Court of Grant County on 16 June 1983. On the basis of an information filed by the prosecuting attorney pursuant to *W.Va. Code*, 61–11–18 [1943], the appellant was sentenced to one to fifteen years in the penitentiary on each count, the sentences to run consecutively. The appellant assigns several errors committed by the trial court as grounds for reversing his conviction, but we address

only one of those errors, *i.e.*, the composition of the jury that convicted him, and reverse solely on that point.

During their March 1983 term the grand jury sitting in Grant County returned a two count, joint indictment against the appellant, Steven Way, Howard Hartman, Kevin Horner, and Donald Adams charging in both counts a violation of the grand larceny statute, *W.Va. Code*, 61–3–13 [1977]. Specifically, the first count of the indictment charged the theft of one steer from Clyde Ours, Jr. and the second count the theft of twelve steers belonging to Harry Welton, Jr.

On 14 June 1983, two days before the appellant's trial commenced, a panel of twenty prospective jurors was called. Out of that panel of twenty, three juries were selected. One jury was to sit in the appellant's trial, one in the trial of appellant's co-indictee, Steven Way, and one in the trial of appellant's co-indictee, Howard Hartman. The record indicates that before impanelling the jury, appellant's counsel moved for a continuance and objected to the manner in which the jury was being selected. When the motion for a continuance was denied and the objection to the selection of the jury was overruled, counsel exercised his right to strike certain jurors.

On 16 June 1983, at the beginning of the appellant's trial, counsel again voiced his objections to the impanelling of the jury:

> Judge, I would at the present time, of course, renew all of my objections with proceeding with trial for reasons that have been previously stated in the record, one of which is the motions that were made to continue and, also, the impanelling of three juries that essentially are hearing the exact same State's evidence, that there are nine people on this jury that have now served on two, or at least on one other jury in this matter and I do feel that the presence of those jurors does, in fact, constitute constitutional derogation of my client's rights to a fair and impartial trial.

At the conclusion of counsel's remarks the court again overruled his motion for a continuance "under rulings previously made and in consideration of what's been done in other cases," and stated:

> [T]he Court has been very cautious in concerning the record and in other cases and that's the only way the record can be made, will show that these jurors were told not to talk among themselves about the work done here and keep their own counsel. So, I recognize that doesn't help the fact they each heard other set of facts and circumstances and have other information, but at least, they're directed by the Court not to talk to one another as jurors about their former verdicts. So, I will find that this matter may proceed to trial and overrule your motions.

The question involved in this case, *i.e.*, whether the same jurors can sit on the trials of two defendants who are charged with the same crime and tried separately, is one of first impression in this Court. We have, however, addressed the situation where the same juror sits on the trials of two defendants charged with different but similar crimes:

> When it appears that a juror in a subsequent criminal case can fairly and impartially act and render a just verdict upon the evidence adduced at the trial, he is not disqualified to serve as such in the subsequent case merely by reason of his service as a juror or his presence as a spectator at a prior trial of a different defendant charged with a different but similar offense, although the evidence is similar and the witnesses in behalf of the prosecution are the same in each case.

*State v. Toney*, 171 W.Va. 725, 301 S.E.2d 815 (1983), *citing State v. Carduff*, 142 W.Va. 18, 93 S.E.2d 502 (1956). In *Toney*, we held that a defendant should be permitted to question individually those jurors who have served on the other jury to determine whether they are prejudiced to any degree.

The situation in the case before us, however, presents a compelling case of possible juror bias because the same juror sat on the trials of two persons indicted in the same indictment, for the same offense involving exactly the same set of facts. We find the issue here analogous to that in

*State ex rel. Whitman v. Fox,* 160 W.Va. 633, 236 S.E.2d 565 (1977) where we held that a trial court has no jurisdiction in a criminal case to try jointly those jointly indicted defendants who choose to be tried separately. As we stated: "Both the case of *State ex rel. Zirk v. Muntzing,* 146 W.Va. 349, 120 S.E.2d 260 (1961) and basic concepts of fairness dictate that every individual has a right to a separate trial at which the primary focus is upon his individual guilt or innocence."

We see little difference in the case where two defendants are being tried jointly and their guilt or innocence decided by one jury and the case where each defendant is tried separately but before members of a jury who sat in the trial of the other. The result in the second trial cannot but be influenced by the result in the first. And even if it is not, the right to a fair and impartial jury is such a basic constitutional right that we should not permit a situation where the appearance of bias would necessarily arise. Obviously, the purpose of choosing three juries to serve in three different trials from the limited panel of twenty was judicial economy. We addressed this point in *State ex rel. Whitman v. Fox, supra,* and held that "[i]n the criminal law ... an individual's interest in his freedom far outweighs the State's interest in efficiency." 160 W.Va. at 645, 236 S.E.2d at 573.

The precise issue before us was addressed in *United States v. Malloy,* 758 F.2d 979 (4th Cir.1985), where the court said that the same juror should not sit on the trials of two defendants who are charged with the same crime and tried separately. The court, however, refused to say that participation of a juror whose impartiality is suspect for reasons not known to defense counsel at the time of *voir dire* always requires a new trial, but held that a verdict may be set aside if a post-trial hearing demonstrates that the juror was actually biased. In *Malloy* the court's decision to deny the defendant a new trial was based in large part on the fact that the defendant did not raise the issue that a juror at his trial also sat on the jury of one of the other defendants charged with the

same crime until seven years after his conviction. Under the facts of that case, the court found that the defendant was not automatically entitled to a new trial and refused to adopt a *per se* rule in joint service cases.

In the case *sub judice,* however, defense counsel promptly raised the issue of possible juror bias by moving for a continuance and by objecting to the method of impanelling the jury. Objections were raised prior to trial at the time of jury selection and again at the beginning of trial. Some of defense counsel's remarks to the court concerning the impanelling of the same jurors to sit on the trials of the three co-indictees are not in the record before us. However, it is clear that counsel objected to his client's being tried by jurors who were also jurors in the trials of Steven Way and Howard Hartman. The trial judge, too, was aware of the problem as indicated by his remarks at the beginning of trial. Although we cannot glean from the record whether defense counsel requested individual *voir dire* of the jury at the beginning of appellant's trial, after defense counsel became aware that nine of the jurors had already heard the evidence in the case, he objected vehemently to the jurors' sitting at the appellant's trial.

We hold today that henceforth the same juror should not sit on the trials of two defendants who are charged with the same crime and tried separately. When the demands for fair procedure conflict with the desirable public policy of economy of effort and money, fair procedure prevails. However, the *per se* ruling we make today shall have no retroactive effect except to those cases currently on appellate review where the objection has been preserved on the record.

Accordingly, the judgment of the Circuit Court of Grant County is reversed and the case is remanded for a new trial.

Reversed and remanded.