**SUR–GRO PLANT FOOD CO., INC., Appellant,**

v.

**STATE SAVINGS BANK, Respondent.**

No. WD 38703.

Missouri Court of Appeals, Western District.

June 2, 1987.

George A. Pickett, Frost, Fisher & Pickett, Plattsburg, for appellant.

Scott Ross, Zahnd, Dietrich and Ross, Maryville, for respondent.

Before LOWENSTEIN, P.J., and PRITCHARD and TURNAGE, JJ.

LOWENSTEIN, Judge.

This contest is between the respondent State Savings Bank (Bank), and the appellant Sur-Gro, which supplies credit to farmers for such things as seed and fertilizer. Both parties hold security agreements in the same collateral, farm crops, grown in 1983 by the same debtors, the Craig's, who do business as Craig Farms. Secured transactions under the Uniform Commercial Code in Missouri are covered in § 400.-9–101, RSMo 1986. The Bank's filings were prior in time to Sur-Gro's. The Bank had loaned money to Mr. and Mrs. Craig through a letter of credit. Sur-Gro later extended credit for seed, fertilizer and chemicals to the Craigs' sons, Steven and Randy. The parents owned the property and the two sons provided labor. The four of them, as a partnership, operated the particular tract in Nodaway County as Craig Farms. The Bank obtained summary judgment on a motion supported by the affidavits of Steven Craig, a Bank vice-president, and the deputy recorder of Nodaway County. No counter affidavits were filed by Sur-Gro. Rule 74.04. Review is in a light most favorable to Sur-Gro, against whom the judgment was granted, and the burden is on the Bank to show by unassailable proof there was no genuine issue of fact to be tried, *Federal Deposit Insurance Corporation v. Yates*, 719 S.W.2d 481, 483 (Mo.App.1986), and the Bank was entitled to judgment as a matter of law. Rule 74.04(h).

The following summary of the facts is now in order:

March 1, 1982   Mr. and Mrs. Craig take possession of the farmland in question "as purchasers under a long term contract." Land at rural route 1 Pickering, Nodaway County. They formed an oral partnership with sons Randy and Steven, known as "Craig Farms."

Before farm operations began Bank extended a line of credit to Craig Family.

April 19, 1982   Lyle and Alice Craig sign a financing statement filed in the recorder's office with *Bank* as the secured party covering the 1983 "farm products including but not limited to, crop ... used or produced in farming operations ... and all proceeds ... hereafter acquired."

May 24, 1983   Steven as a partner and on behalf of Craig Farms signed a note and security agreement to Bank due November 21, 1983 for $133,722 (which covered all prior unpaid Bank loans).

June 13, 1983   Filed on this date by *Sur-Gro* is a note from Randy & Steven Craig, Security agreement and financing statement to Sur Gro (with Craig Farms listed as debtor), covering 1983 growing crops; due December 1, 1983.

March 10, 1984   Approximately $56,000 plus $5,000 interest owed to Sur-Gro by Craig's.

April 18, 1984   Sur-Gro filed a petition in replevin against Steven and Randy. Upon a pre-judgment Order to Deliver, it seized from silo's on the Craig Farm approximately 1500 bushels corn and 2100 bushels soy-beans, all sold for $20,125.66. Bank intervened to counterclaim for the right to the proceeds based on the Bank's priority, and obtained summary judgment against Sur-Gro for the $20,125.66.

On appeal Sur-Gro states summary judgment was improper because the Bank failed 1) to establish the Craigs, as debtors, executed the Bank's financing statements; 2) to perfect its security interest because the Bank's forms did not properly list the name of the debtors; 3) to show an adequate description of the land on the securi-

ty agreement; 4) to prove a default by the Craigs.

Priority between conflicting security interests in the same collateral, § 400.9–312(5)(a), is given to the first to file if both interests are perfected. Sur-Gro's first point is that the Bank never perfected its prior instrument because it did not prove signature by the debtor's Lyle and Alice Craig. The point is not well taken. A copy of the April 19, 1982 financing statement signed by Lyle and Alice as debtor's, with the Bank listed as the secured party, was attached to the affidavit of the deputy recorder of Nodaway County and was offered in support of the Bank's motion. Sur-Gro did not make a verified denial to this exhibit and may not complain of failure of proof on this point. *Carondelet Savings & Loan Assn. v. Boyer,* 595 S.W.2d 744, 746 (Mo.App.1980).

Sur-Gro's next point concerns the sufficiency of the proof to establish the "ownership of the collateral." Section 400.9.402(1) and (3) as pertinent here require the financing statement to contain the name and signature and address of the debtor, description of the collateral, and if the collateral is growing crops or crops to be grown, a description of the real estate and the name of the record owner. The April 19, 1982 financing statement listed Lyle and Alice Craig as debtors, and was signed by them. It listed them as record owners of the land. The only proof showed their ownership. As stated earlier, the uncontradicted proof was the four Craigs operated Craig Farms as a partnership. Without offering proof to the contrary, Sur-Gro may not on appeal allege a deficiency in the filed financing statement of the Bank which listed Lyle and Alice Craig. Sur-Gro's assertion that Lyle and Alice have no authority to sign or obligate the partnership is in the face of Steven's uncontroverted affidavit which alleges a partnership between he, his brother and his parents. Under § 358.090.1, RSMo 1986, the financing statement signed by Lyle and Alice bound the partnership, and Sur-Gro cannot now claim otherwise.

Sur-Gro next states the May 24, 1983 security agreement signed by Steven Craig on behalf of Craig Farms naming the Bank as secured party did not contain an adequate description of the real estate. That agreement lists the address of the farm at "R.R. 1, Pickering, Mo." Under § 400.9–203(1)(b), a security agreement covering crops is not enforceable against third parties unless the agreement contains, "a description of the land concerned."

Sur-Gro candidly recognizes § 400.9–110 which states any description of real estate, "is sufficient whether or not it is specific if it reasonably identifies what is described." The court rules under these facts the description reasonably identified the property. *See* Uniform Commercial Code Comment to § 400.9–110. Sur-Gro may not prevail on this point.

Sur-Gro's additional sub-points including the "potentially misleading filing of the forms under Lyle and Alice Craig rather than Craig Farms, and that it should have priority as a 'lien creditor,' " § 400.9–301(d)(3), are all denied.

Sur-Gro's last point concerns the Bank's failure to prove default by "unassailable proof." Rule 74.04(h). This contention has merit. To be entitled to summary judgment for the proceeds of the crops as garnered by Sur-Gro's replevin, the Bank had to show a default by the Craigs on the underlying note of May 24, 1983 in the amount of $133,722.87. By its terms the Security Agreement was to secure the payments of the indebtedness of the note, so the Bank had no right to repossess the collateral without a default. *Webb v. American Family Financial Services, Inc.,* 667 S.W.2d 435, 442–43 (Mo. App.1984). The Bank's counterclaim which alleged default was unverified. *American National Bank in Springfield v. White River Service Corporation,* 586 S.W.2d 454, 457 (Mo.App. banc 1979). Sur-Gro's answer denied the allegation. The affidavits of Steven Craig and the Bank vice-president in support of summary judgment do not state the note was in default, they only state the note, "was due on November 21, 1983." Nothing is in the record before

this court on default. *First National Bank of Carrollton v. McClure*, 666 S.W.2d 434, 436 (Mo.App.1984).

 Although it seems obvious there has been a default, summary judgment should not have been granted without unassailable proof of default on the Craig note and security agreement with the Bank, nor without proof of the balance due on the note. It is conceivable the Craigs owed the Bank less than the $20,125.66 involved in this suit. All of Sur-Gro's other points on appeal have been ruled against it. In the interest of judicial economy, the cause is remanded to allow the Bank to supply the requisite proof of default and the balance due from the Craigs. *Foremost-McKesson Inc. v. Davis*, 488 S.W.2d 193, 196 (Mo. banc 1972); *Estate of Bernskoetter*, 693 S.W.2d 249, 251 (Mo.App.1985). If the trial court is satisfied on the issue of default, it may grant summary judgment as a matter of law. An appeal, if any, from that grant could only be on the grounds of default and debt.

The judgment is reversed and remanded for the sole purpose of allowing the Bank to offer the requisite proof of default and the balance owed it by the Craigs. The trial court may, if that proof be sufficient, grant summary judgment in favor of the Bank, and any appeal from the grant would be limited to proof on the issue of default.