438 S.E.2d 817

**TRANSAMERICA COMMERCIAL FINANCE CORPORATION, A Corporation, Plaintiff Below, Appellant,**

v.

**BLUEVILLE BANK OF GRAFTON, A West Virginia Banking Institution, Defendant Below, Appellee.**

**No. 21560.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 28, 1993.

Decided Dec. 14, 1993.

---

Catherine D. Munster, Robert W. Trumble, McNeer, Highland & McMunn, Clarksburg, for appellant.

Randall C. Light, Michael L. Bray, Steptoe & Johnson, Clarksburg, for appellee.

McHUGH, Justice:

This case is before this Court upon the appeal of Transamerica Commercial Finance Corporation (hereinafter "Transamerica") from the July 20, 1992 order of the Circuit Court of Taylor County which found that the security interest the appellee, the Blueville Bank of Grafton (hereainafter "Blueville Bank"), had in certain inventory has priority over the security interest that Transamerica has in the same inventory. The decision of the circuit court turned on whether the name Blueville Bank had listed as the debtor (M & M Lawn Service) was sufficient to notify Transamerica, who had listed the debtors as Bruce L. Miller, Phillip R. McDaniel d/b/a M & M Power Equipment, of a prior security interest held by Blueville Bank. For reasons set forth below, we affirm the circuit court's order.

## I.

This case involves determining which party's secured interest in certain inventory has priority. There are four financing statements which are relevant to the priority issue. Below we have outlined the financing statements in chronological order from the date of filing.

| Date | Secured Party | Debtor | Relevant Property Covered |
|---|---|---|---|
| May 22, 1987 | Blueville Bank | Bruce L. Miller and Phillip R. McDaniel, dba M & M Lawn Service, 501 N. Pike Street, Grafton, Taylor, WV 26354–1217 | Did <u>not</u> cover the inventory |
| May 27, 1987 | Blueville Bank | Bruce L. Miller and Phillip R. McDaniel, DBA M & M Lawn Service, 501 N. Pike Street, Grafton, Taylor, WV 26354–1217 | Did <u>not</u> cover the inventory |
| Oct. 5, 1987 | Blueville Bank | M & M Lawn Service, 501 N. Pike Street, Grafton, Taylor, WV 26354–1217 | Inventory |
| Oct. 19, 1987 | Borg–Warner Acceptance Co., Transamerica's predecessor | Bruce Miller & Phillip McDaniel, d/b/a M & M Power Equipment, 501 N. Pike Street, Grafton, WV 26354 | Inventory |

The record before us is unclear as to when Transamerica took over the security interest from Borg–Warner. Therefore, in order to simplify the facts, we will refer only to Transamerica rather than to Borg–Warner.[1]

Both Blueville Bank and Transamerica claim that their security interest in the inventory has priority. Bruce Miller and his wife, Sherry Miller, as individuals, filed a petition in bankruptcy before the United

---

1. There is a financing statement which was filed on October 24, 1988, which indicates that the name Borg–Warner Acceptance Corp. has been changed to Transamerica.

States Bankruptcy Court for the Northern District. During the bankruptcy proceeding Blueville Bank filed a "Motion for Relief From Automatic Stay" and requested that the bankruptcy court abandon certain property of the debtors which included the inventory in which Transamerica claims an interest.

Transamerica then filed a declaratory judgment action against Blueville Bank in the Circuit Court of Taylor County to have the court determine the rights of the parties to the inventory and to seek injunctive relief. The parties agreed to sell the inventory and put the proceeds in escrow pending the resolution of the dispute.

The circuit court ruled that Transamerica was not entitled to priority since Transamerica failed to give notification in writing to Blueville Bank that it was extending the purchase money security interest in the inventory to the debtors as was required by *W.Va.Code*, 46–9–312(3)(b) [1984]. The circuit court further concluded that the October 5, 1987 financing statement perfected Blueville Bank's security interest "even though it did not show the debtors individual names but did show a partnership name[.]" The circuit court further found that the name used by Blueville Bank on its October 5, 1987 financing statement (M & M Lawn Service) was "very similar and not seriously misleading" when compared to the name used by Transamerica (Bruce Miller and Phillip McDaniel, d/b/a M & M Power Equipment), and noted that neither M & M Power Equipment nor M & M Lawn Service [2] was registered as fictitious names. The circuit court determined that Transamerica failed to act as a reasonably prudent creditor. It is from the circuit court's order which Transamerica appeals.

## II.

The primary issue before us is whose security interest in the inventory has priority

under the Uniform Commercial Code–Secured Transactions set forth in *W.Va.Code*, 46–9–101, *et seq.*—Blueville Bank's or Transamerica's. The primary issue involves whether or not the debtors' names on one of the financing statements complied with the requirements of the Uniform Commercial Code–Secured Transactions. If the debtors' names were not proper, it must be determined whether the name listed was seriously misleading under *W.Va.Code*, 46–9–402(8) [1974]. This statute allows for minor errors in financing statements if the errors are not seriously misleading.

Therefore, in order to address the primary issue we need to make two inquiries. First, did Blueville Bank properly name the debtors on its October 5, 1987 financing statement in compliance with *W.Va.Code*, 46–9–402(7) [1974], and second, if not, would a reasonably prudent creditor have found Blueville Bank's financing statement regarding the debtors?

At the outset we note that in most circumstances *W.Va.Code*, 46–9–312(5) [1984], in pertinent part, determines the priority of conflicting security interests:

> (5) In all cases not governed by other rules stated in this section (*including cases of purchase money security interests which do not qualify for the special priorities ...*) priority between conflicting security interests in the same collateral shall be determined according to the following rules:
>
> (a) Conflicting security interests *rank according to priority in time of filing or perfection.*

(emphasis added).

Transamerica contends that it had a purchase money security interest in the collateral.[3] Therefore, its security interest in the

---

**2.** The record before us is not clear on what the relationship is between M & M Power Company and M & M Lawn Service.

**3.** *W.Va.Code*, 46–9–107 [1963] defines a purchase money security interest:

  A security interest is a 'purchase money security interest' to the extent that it is

  (a) taken or retained by the seller of the collateral to secure all or part of its price; or
  (b) taken by a person who by making advances or incurring an obligation gives value to enable the debtor to acquire rights in or the use of collateral if such value is in fact so used.

inventory takes priority over Blueville Bank's security interest under *W.Va.Code*, 46–9–312(3) [1984], even though Blueville Bank filed its financing statement first. *W.Va. Code*, 46–9–312(3) [1984] states, in pertinent part:

(3) A *perfected purchase money security interest in inventory has priority over a conflicting security interest in the same inventory* ... if:

....

(b) The purchase money secured party gives notification in writing to the holder of the conflicting security interest if the holder had filed a financing statement covering the same types of inventory[.]

(emphasis added).

Blueville Bank, however, states that its security interest in the inventory has priority because Transamerica failed to notify Blueville Bank that it was taking a purchase money security interest in the inventory as *W.Va.Code*, 46–9–312(3)(b) [1984] requires. Therefore, under *W.Va.Code*, 46–9–312(5)(a) [1984] Blueville Bank's security interest has priority since it filed its financing statement first.

Transamerica states that it was not required to give notice to Blueville Bank because Blueville Bank's financing statement only listed the debtors under a trade name, M & M Lawn Service, rather than the individual partner names contrary to the requirements of *W.Va.Code*, 47–8–2 [1986]. Transamerica argues that a reasonable searcher would not have found Blueville Bank's financing statement. Now we will address our two inquiries in light of the parties' contentions.

### A.

First, did Blueville Bank properly name the debtor on its financing statement? *W.Va.Code*, 46–9–402(7) [1974] states, in pertinent part: "A financing statement sufficiently shows the name of the debtor if it gives the individual, partnership or corporate name of the debtor, whether or not it adds other trade names or the names of partners." Blueville Bank argues that it did list the name of the partnership when it listed the

debtor as M & M Lawn Service on its financing statement. Transamerica, however, argues that the name M & M Lawn Service was not registered as *W.Va.Code*, 47–8–2 [1986] requires, and that using only a trade name as the name of the debtors on a financing statement is not sufficient under *W.Va. Code*, 46–9–402(7) [1974].

*W.Va.Code*, 47–8–2 [1986] states, in pertinent part:

No ... general partnership may carry on, conduct or transact *any* business in this state under any assumed name, or under any designation, name or style, corporate or otherwise, other than the real name or names of the individual or individuals owning, conducting or transacting such business, unless that person or persons shall file in the office of the clerk of the county commission of the county in which such person or persons maintains his principal place of business, a certificate setting forth the name under which such business is, or is to be, conducted or transacted, and the true or real full name or names of the person or persons owning, conducting or transacting the same, with the home and post-office address or addresses of such person or persons.

(emphasis added). Therefore, under *W.Va. Code*, 47–8–2 [1986] a partnership cannot conduct *any* business under a name other than the names of the individuals who own or conduct the business unless the name is filed with the *clerk of the county commission of* the county in which the people maintain their principal place of business with the required information. *See also McCulley v. Blanchard*, 113 W.Va. 770, 169 S.E. 746 (1933). Furthermore, it has generally been stated that "the debtor's trade name will not suffice to perfect the security interest[.]" 9 William D. Hawkland et al., *Uniform Commercial Code Series* § 9–402:04, at 525 (1991). *See also* 9 Ronald A. Anderson, *Anderson on the Uniform Commercial Code* § 9–402:51 (3d ed. 1985) and 2 Thomas M. Quinn, *Quinn's Uniform Commercial Code Commentary and Law Digest*, ¶ 9–402[A][12] (2d ed. 1991).

However, the Uniform Commercial Code–Secured Transactions did not refer to or adopt *W.Va.Code*, 47–8–2 [1986]. Therefore,

we must determine whether *W.Va.Code,* 47–8–2 [1986] applies to the Uniform Commercial Code–Secured Transactions.

■ It has been stated that "[s]tatutes which are not inconsistent with one another and which relate to the same subject matter are in pari materia." 17 *Michie's Jurisprudence of Virginia and West Virginia* § 40 at 320 (J.H. Vaughan et al. eds., 1979). Furthermore, in syllabus point 1 of *State ex rel. Slatton v. Boles,* 147 W.Va. 674, 130 S.E.2d 192 (1963) we stated: " 'Statutes in pari materia must be construed together and the legislative intention, as gathered from the whole of the enactments, must be given effect.' Point 3, Syllabus, *State ex rel. Graney v. Sims,* 144 W.Va. 72 [105 S.E.2d 886]."

Accordingly, *W.Va.Code,* 47–8–2 [1986], which provides that no general partnership may carry on business in this state under any assumed name other than the names of the individuals owning the business unless those persons file in the office of the clerk of the county commission certain information, is to be construed in *pari materia* with *W.Va. Code,* 46–9–402(7) [1974], which specifies that it is sufficient to put the individual, partnership, or corporate names of the debtors on a financing statement whether or not it adds other trade names of the parties. The statutes prevent businesses from making up several names under which they conduct business without registering the names in order to commit fraud or confuse creditors. If *W.Va.Code,* 47–8–2 [1986] and 46–9–402(7) [1974] were not read together, then partners could list several different trade names and/or individual names as debtors on financing statements making it very difficult for subsequent creditors to locate the financing statements. This scenario would defeat the very purpose of the Uniform Commercial Code–Secured Transactions which was to provide a "simple and unified structure within which ... financing transactions can go forward with less cost and greater certainty." *See* the Official Comment to *W.Va.Code,* 46–9–101 [1963].

■ Therefore, a partnership name must be filed in the manner required by *W.Va. Code,* 47–8–2 [1986] before it sufficiently shows the name of the debtor partnership on a financing statement under *W.Va.Code,* 46–9–402(7) [1974] since the two statutes are to be construed in *pari materia.* If the partnership name is not filed as required by *W.Va.Code,* 47–8–2 [1986], then the individual partners' names must be listed as the debtors on a financing statement whether or not trade names are added. However, a financing statement may be effective against other creditors even though it lists a partnership name which is not filed pursuant to *W.Va. Code,* 47–8–2 [1986] if it is not seriously misleading as provided by *W.Va.Code,* 46–9–402(8) [1974].

In the case before us the circuit court noted that M & M Lawn Service was not registered as a trade name. Therefore, Blueville Bank should have listed the debtors' names as Bruce L. Miller and Phillip R. McDaniel on the financing statement which was filed on October 5, 1987. However, *W.Va.Code,* 46–9–402(8) [1974] states that "[a] financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading." This brings us to our second inquiry.

### B.

■ Second, would a reasonably prudent creditor have found Blueville Bank's financing statement which was filed on October 5, 1987 even though the debtor's name was improper? One commentator noted the following:

> When there is a defect in the financing statement it is necessary to make the determination whether or not the defect is seriously misleading. If the defect is such that a person searching the filing index would be misled so as to be prevented from learning what property was subject to what security interest, the defect is classified as seriously misleading, and the consequence is that the filing is fatally defective and fails to perfect the security interest. If, however, the defect would not mislead the searcher of the filing index, the defect is not seriously misleading and is to be ignored. That is, the filing is held

effective to perfect the security interest in spite of such defect.

Anderson, *supra* at § 9–402:46 at 483–84 (footnotes omitted). Furthermore, "[s]ince the criterion is whether the error was seriously misleading, it is necessary that the effect of a defect be determined on the basis of the facts of each case." Anderson, *supra* at § 9–402:46 at 484–85 (footnote omitted).[4]

▬ Thus, we hold that when there is an error in the debtors' names in the financing statement because of failure to comply with *W.Va.Code*, 47–8–2 [1986], it is necessary to determine whether or not the error is seriously misleading under *W.Va.Code*, 46–9–402(8) [1974] by determining whether or not a reasonably prudent creditor searching the filing index for the financing statement would be misled so as to be unable to locate the financing statement. Whether an error is seriously misleading is to be determined by the facts of each case.

In the case before us Blueville Bank had filed financing statements on three different dates. Blueville Bank filed financing statements on May 22, 1987 and May 27, 1987. Although these financing statements did not cover the inventory at issue in the case before us, they did properly list the debtors as Bruce L. Miller and Phillip R. McDaniel d/b/a M & M Lawn Service. Therefore, when Transamerica did its search using the names Bruce L. Miller and Phillip R. McDaniel it would have found the financing statements filed on May 22, 1987 and May 27, 1987 which also listed the trade name M & M Lawn Service. Therefore, Transamerica should have been aware of the M & M Lawn Service trade name. The trial court found and we agree that a reasonably pru-

dent creditor would have investigated the trade name and discovered the financing statement filed on October 5, 1987, which covered the inventory and listed the debtors as M & M Lawn Service, especially since the financing statement listed an address for M & M Lawn Service which was exactly the same as the address Transamerica listed for M & M Power Company.

Accordingly, we hold that Transamerica as a reasonably prudent creditor had sufficient information to find the financing statement filed by Blueville Bank which improperly listed the debtors' names as M & M Lawn Service, since prior financing statements properly listed the debtors as Bruce L. Miller and Phillip R. McDaniel along with the trade name M & M Lawn Service.

We point out, however, that the particular facts in this case enabled us to hold that the financing statement filed by Blueville Bank, which improperly listed the debtors' names, was not seriously misleading. In the future, we strongly recommend that creditors take care to properly list the debtors' names, especially with the advent of computers. When using a computer the problems will be more difficult since there is often a limited number of characters which can be searched. Therefore, precision may be more controlling.

### III.

Next, Transamerica contends that the circuit court committed reversible error in granting Blueville Bank a first priority security interest in collateral owned by Bruce L. Miller, an individual, where Blueville Bank's financing statement covering the collateral did not identify the individual but identified

---

4. When examining cases from other jurisdictions it is difficult to formulate a bright-line rule regarding when a defect in the name of the debtor is material. For instance, the New Jersey Superior Court Law Division found that a financing statement which spelled the debtor's name as "Kaplas" when the debtor's name is "Kaplan" was insufficient. *Bank of North America v. Bank of Nutley*, 94 N.J.Super. 220, 227 A.2d 535 (Ct. Law Div.1967). The Northern District Court of Mississippi found that a financing statement which listed "Carolyn's Fashions" as the debtor was insufficient since it was a trade name of a business owned by Mary Carolyn Hill. *In re Hill*, 363 F.Supp. 1205 (N.D.Miss.1973).

On the other hand, the Georgia Court of Appeals held that a financing statement which listed a business name as the debtor was not misleading since the first two names of the business name is the same as the debtor's name. *Lehigh Press, Inc. v. National Bank of Georgia*, 193 Ga. App. 888, 389 S.E.2d 376 (1989), *cert. den.* (1990). Additionally, the Missouri Court of Appeals found that listing the debtor as "Lyle and Alice Craig" rather than as "Craig Farm" was not seriously misleading. *Sur–Gro Plant Food Co., Inc. v. State Savings Bank*, 730 S.W.2d 602 (Mo.Ct.App.1987). Therefore, whether or not an erroneous debtor's name is seriously misleading depends upon the particular facts of each case.

the debtors as a partnership. Blueville Bank points out that there is no evidence in the record before us which indicates that the inventory at issue in the case before us belonged to Bruce L. Miller, individually, and not to the partnership. We agree with Blueville Bank. Therefore, we decline to further address this issue.

### IV.

Accordingly, we hold that listing the debtors' names as M & M Lawn Service was a minor error since it was not seriously misleading. Thus, Transamerica as a reasonably prudent creditor should have discovered the financing statement filed on October 5, 1987, and given notice to Blueville Bank in order for its purchase money security interest to have priority over Blueville Bank's security interest. Therefore, we affirm the July 20, 1992 order of the Circuit Court of Taylor County.

Affirmed.