# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Xenia Hotels and Resorts, Inc.**
**Petitioner Below, Petitioner**

**vs.) No. 20-0068** (Kanawha County 19-AA-153)

**Kanawha County Board of Commissioners,**
**sitting as the Board of Assessment Appeals,**
**Respondent Below, Respondent**

**FILED**

**March 23, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Xenia Hotels and Resorts, Inc., by counsel William P. Bresnahan, appeals the order of the Circuit Court of Kanawha County, entered on January 2, 2020, granting the motion to dismiss filed by respondent Kanawha County Board of Commissioners, sitting as the Board of Assessment Appeals. Respondent appears by counsel, Ancil G. Ramey and Charles T. Miller.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner owns commercial real estate located at 200 Lee Street East, Charleston, West Virginia, known as the Charleston Marriott property. On February 21, 2019, petitioner filed a Notice of Intent to File a Protest Before the Board of Assessment Appeals, seeking to challenge the valuation of the property stemming from its 2019 tax assessment.[1] Petitioner contended in its

---

[1] On February 19, 2019, petitioner's representative e-mailed the Kanawha County Clerk indicating that petitioner wanted to file an appeal to seek a decrease of its tax assessment. Petitioner's representative noted that it was planning to send the submission and copies the following day, February 20, 2019, but asked the recipient to confirm the deadline by which it had to be received. On February 20, 2019, a county employee responded that the appeal was due the following day. Although petitioner maintained in earlier proceedings that it justifiably and reasonably relied on the statement of the county employee when it filed its valuation challenge on

(Continued . . . )

1

submission that the appraised value of the property was in excess of the market value. In response to petitioner's submission, a representative of the Kanawha County Assessor's Office e-mailed petitioner that same day and advised that the statutory deadline as set forth in West Virginia Code § 11-3-24b had passed and that any appeal needed to have been filed on or before February 20 of the tax year. On February 25, 2019, the Kanawha County Assessor denied petitioner's request for review of the property appraisal because petitioner's challenge was untimely.

Thereafter, counsel for petitioner asked to be placed on respondent's meeting agenda. On September 5, 2019, the parties, through counsel, came before the county commission and entered a consent order to place the matter on respondent's agenda. Although there is no dispute that petitioner was sent a notice of hearing setting this matter for a full hearing on October 10, 2019,[2] and was advised that the matter had been placed on the agenda, petitioner failed to appear at the October 10, 2019, hearing before the Kanawha County Commission sitting as the Board of Assessment Appeals.[3] Accordingly, respondent marked the appeal as withdrawn.

On November 12, 2019, petitioner filed an appeal to the Circuit Court of Kanawha County, challenging respondent's decision to mark the appeal as withdrawn. On December 4, 2019, respondent filed the certified record of the proceedings before respondent in accordance with petitioner's request. Petitioner filed its Assignment of Errors/Bills of Exceptions for the Appeal on December 11, 2019.

On December 11, 2019, respondent filed a motion to dismiss and a memorandum in support of the motion to dismiss. In its motion to dismiss, respondent argued that dismissal was appropriate because petitioner "failed to exhaust the procedures and remedies available to it under W.Va. Code § 11-3-25" as petitioner "did not appear and contest the valuation over which [petitioner] claims to be aggrieved." In its memorandum of law, respondent argued that petitioner "failed to complete [its] protest, and, in fact, had abandoned its protest before the appellee [board] sitting as the Board of Assessment Appeals."

On January 2, 2020, the circuit court issued an order granting respondent's motion to dismiss. The circuit court found that "the record demonstrates that [petitioner] withdrew its appeal prior to any such hearing taking place." Petitioner now appeals from the circuit court's ruling, arguing one assignment of error: The circuit court erred when it determined that petitioner's tax

---

February 21, 2019, the deadline is governed by West Virginia Code. Per West Virginia Code § 11-3-24b, the deadline to file an appeal is February 20. Despite this potential jurisdiction issue, respondent allowed this matter to be placed on its agenda, without waiving any jurisdictional arguments.

[2] Further, petitioner does not contend that it did not receive notice of this hearing before respondent.

[3] At the meeting, an employee from the Assessor's Office advised respondent that petitioner had failed to provide any documentation to suggest that the assessment was wrong, and that petitioner had decided to withdraw this appeal. Petitioner argues, without evidentiary support, that it was advised by the Assessor's Office not to appear at the hearing.

assessment appeal from the decision of the Kanawha County Board of Assessment Appeals should be dismissed for petitioner's alleged failure to exhaust statutory remedies.

"Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995). Further, we have repeatedly held that "[a] statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. Pt. 3, *Reed v. Exel Logistics, Inc.*, 240 W. Va. 700, 815 S.E.2d 511 (2018) (citation omitted).

"It is a general rule that valuations for taxation purposes fixed by an assessing officer are presumed to be correct. The burden of showing an assessment to be erroneous is, of course, upon the taxpayer, and proof of such fact must be clear." Syl. Pt. 7, *In re Tax Assessments Against Pocahontas Land Co.*, 172 W. Va. 53, 303 S.E.2d 691 (1983). This Court has consistently held that "[t]he general rule is that where an administrative remedy is provided by statute or by rules and regulations having the force and effect of law, relief must be sought from the administrative body, and such remedy must be exhausted before the courts will act." Syl. Pt. 1, *Daurelle v. Traders Fed. Sav. & Loan Ass'n*, 143 W. Va. 674, 104 S.E.2d 320 (1958); *accord* Syl. Pt. 2, *Sturm v. The Bd. of Educ. of Kanawha Cty.*, 223 W. Va. 277, 672 S.E.2d 606 (2008); Syl. Pt. 7, *Expedited Trans. Sys. Inc. v. Vieweg*, 207 W. Va. 90, 529 S.E.2d 110 (2000). This rule is jurisdictional, and it cannot be waived. *Bank of Wheeling v. Morris Plan Bank & Tr. Co.*, 155 W. Va. 245, 249, 183 S.E.2d 692, 694–95 (1971) ("The doctrine [of exhaustion of remedies] simply provides that when the legislature provides for an administrative agency to regulate some particular field of endeavor, the courts are without jurisdiction to grant relief to any litigant complaining of any act done or omitted to have been done if such act or omitted act is within the rules and regulations of the administrative agency involved until such time as the complaining party has exhausted such remedies before the administrative body."); *State ex rel. Smith v. Thornsbury*, 214 W. Va. 228, 233, 588 S.E.2d 217, 222 (2003) ("Unlike personal jurisdiction, subject-matter jurisdiction may not be waived or conferred by consent and must exist as a matter of law for the court to act.").

Prior to seeking any relief in the circuit court, West Virginia Code § 11-3-25(a) requires that any "person claiming to be aggrieved by any assessment in any land or personal property book of any county . . . shall have appeared and contested the valuation" before the county commission sitting as a Board of Equalization and Review. Inasmuch as this statute is clear, unambiguous, and plainly expresses the legislative intent, we decline any invitation to interpret the statute, but instead give it full force and effect.

As is evidenced by the notice of hearing and agenda, this matter was noticed for a full hearing before respondent on October 10, 2019. Petitioner does not contest the fact that it did not "appear" at the scheduled hearing,[4] but petitioner maintains that it was told not to appear by someone in the Assessor's Office. Even assuming that someone from the Assessor's Office told

---

[4] As noted above, it is also undisputed that petitioner's February 21, 2019, valuation appeal failed to comply with the statutory deadline for disputing this tax valuation, as mandated by West Virginia Code § 11-3-24b.

3

petitioner not to appear, a fact not evident from the record, it would not be reasonable for petitioner to rely upon this representation, and the Assessor's Office would not have had authority to bind respondent sitting in its adjudicatory capacity. Moreover, if petitioner had wanted to contradict the representations of the Assessor, it had an obligation to offer counter evidence. Petitioner's unsupported arguments in its brief are insufficient.[5]

Accordingly, we conclude that the circuit court did not err when it found that it lacked jurisdiction over petitioner's appeal where petitioner failed to comply with the jurisdictional requirement in West Virginia Code § 11-3-25(a) that it first "appear and contest" its assessment before respondent.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 23, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

---

[5] Although petitioner bore the burden of proof, it never moved to supplement the administrative record and never responded to the motion to dismiss.